Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorney for Plaintiff,
MISTY KNOLL

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| MISTY KNOLL | ) **Case No.:** |
| | ) |
| Plaintiff, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| vs. | ) |
| | ) **(Unlawful Credit Reporting Practices)** |
| EQUIFAX INFORMATION SERVICES, | ) |
| LLC., and LVNV FUNDING, LLC | ) **Demand Does Not Exceed $10,000** |
| | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S VERIFIED COMPLAINT

MISTY KNOLL ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD.,
alleges the following against EQUIFAX INFORMATION SERVICES, LLC, and LVNV
FUNDING, LLC (Defendants):

## INTRODUCTION

1.      Count I of the Plaintiff's Complaint is based on the Fair Credit Reporting Act, 15
U.S.C. §1681 *et seq.*, *as amended.* (FCRA).

2.      Count II of the Plaintiff's Complaint is based on the Fair Credit Reporting Act,
15 U.S.C. §1681 *et seq.*, *as amended.* (FCRA).

**JURISDICTION AND VENUE**

3.     Jurisdiction of this court arises pursuant to 15 U.S.C. 1681(p), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy".

4.     Defendants conduct business in the state of Arizona and therefore, personal jurisdiction is established.

5.     Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

6.     Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

**PARTIES**

7.     Plaintiff, MISTY KNOLL, is a natural person who resides in the City of Phoenix, County of Maricopa, State of Arizona.

8.     Defendant EQUIFAX INFORMATION SERVICES, LLC ("EIS") is  a business entity which regularly conducts business in Arizona and  whose principal place of business is in San Diego, CA, 92123.

9.     Defendant,  LVNV FUNDING, LLC ("LVNV") is a national company doing business in the State of Arizona.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11.     On or about August 20, 2007, Plaintiff received a letter from Capital Management Services regarding a Citibank debt in the amount of $1,476.16 for an account numbered 264884660, hereinafter "Account".  See Exhibit A.

12.     The letter memorialized the fact that Capital Management Services (aka Resurgent Capital Services, LP) had received Plaintiff's payment in the amount of $734.58, scheduled to come out of her account on August 31, 2007.

COMPLAINT

13. On January 4, 2008, Plaintiff received another letter from Resurgent Capital Services verifying that the $734.58 that was received by Resurgent Capital Services was for Settlement in Full of the debt. See Exhibit B.

14. Prior to settling the Account, Plaintiff obtained a copy of her credit report from EIS. The Account was not reporting on her credit report at the time. See Exhibit C.

15. The account in question was originally with Associates Visa, then was sold to Citibank, then ended up with Capital Management Services, who settled the Account with Plaintiff.

16. Beginning on or around September 13, 2007, the Account began showing up on Plaintiff's credit report as being owned by LVNV and having a different account number of 462120004804XXX, hereinafter "Inaccurate Account". See Exhibit D.

17. Between September 13, 2007 and September 4, 2008, Plaintiff wrote several dispute letters to Equifax requesting that the Inaccurate Account be deleted from her report as it had already been settled with Resurgent Capital Services. On such letter, dated August 17, 2008, is attached hereto as Exhibit I.

18. Each time, Equifax responded that the Inaccurate Account was verified, and continued to report the Inaccurate Account in the amount of $1,460.00 on her credit report. See Exhibit E.

19. On September 9, 2008, Plaintiff authorized Contrywide Bank to pull Plaintiff's credit report as Plaintiff was applying for a Mortgage loan. See Exhibit F.

20. As a result of the Inaccurate Account appearing on the September 9, 2008 Credit Report, Plaintiff's Equifax credit score was the lowest of her three credit scores. See Exhibit 6.

21. On September 16, 2009, Plaintiff wrote a final letter to Equifax, disputing the Inaccurate Account for the tenth time. See Exhibit G.

22. As of September 16, 2009, LVNV is reporting a balance of $799.00 on the Inaccurate Account and is also reporting that it was opened in 2007. See Exhibit H.

COMPLAINT

23.     The Inaccurate Account should have never appeared on Plaintiff's credit report as the Account was opened in 2001 and settled in full on August 20, 2007, and despite Plaintiff's repeated request, EIS continues to report the Inaccurate Account.

24.     Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of the reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and has continued to report the derogatory information about Plaintiff.

25.     Plaintiff has applied for and been denied loans and/or extensions of consumer credit, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials.

26.     As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone charges, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

27.     As a result of Defendants' conduct, Plaintiff has suffered great emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

28.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

29.     As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the negative trade line entries appearing on Plaintiff's credit file.

**FIRST CLAIM FOR RELIEF**
**DEFENDANT EIS VIOLATED THE FAIR CREDIT REPORTING ACT, (FCRA), 15**
**U.S.C. § 1681 _et seq._**
**(Plaintiff v. EIS)**

30.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31.     At all times pertinent hereto, Defendant EIS is a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

32.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15. U.S.C. § 1681a(c).

33.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

34.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant EIS is liable to the Plaintiff for engaging in the following conduct:

(a)  willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. §1681i(a);

(b)  willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

(c)  willfully and negligently failing to  provide all relevant information provided by the Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

(d) willfully and negligently failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

(e) willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(f) willfully and negligently failing to note the dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. §1681i(c);

(g) willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the Plaintiff;

(h) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(i) willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(j) willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified.

35. The conduct of Defendant, EIS, was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above, and, as a result, Defendant, EIS, is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## SECOND CLAIM FOR RELIEF
## DEFENDANT LVNV VIOLATED THE FAIR CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681 *et seq*.
### (Plaintiff v. LVNV)

36. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37. At all times pertinent hereto, Defendant, LVNV, was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

- 6 -

38.    Defendant LVNV violated sections of 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s(2)(b):

(a)  willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(b)  willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant LVNV;

(c)  willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

(d)  willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(e)  willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

(f)  willfully and negligently failing to provide and all credit reporting agencies with the factual information and evidence that Plaintiff submitted to Defendant LVNV, and which proved that the information concerning the Plaintiff's credit reports was inaccurate;

(g)  willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities; and

(h)  willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

39.    Defendant LVNV's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result, Defendant LVNV is liable to compensate the Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by law.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

a) Actual damages;

b) Statutory damages;

c) Punitive damages;

d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

e) An order directing that Defendants immediately delete all of the inaccurate information from Plaintiff's credit report and files and cease reporting the inaccurate information to any and all persons and entities to whom they report the consumer credit information;

f) An order directing that Defendants EIS and LVNV send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information;

g) Any other relief that this court deems to be just and proper.

DATED:   December 3, 2009

RESPECTFULLY SUBMITTED,
KROHN & MOSS, LTD.

/s/Ryan Lee

By: _____

Ryan Lee
Attorney for Plaintiff

## <u>DEMAND FOR JURY TRIAL</u>

PLEASE TAKE NOTICE that Plaintiff, MISTY KNOLL, hereby demands trial by jury in this action.

COMPLAINT

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>

(STATE OF ARIZONA)

Plaintiff, MISTY KNOLL, states as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, MISTY KNOLL, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: _12/1/09_          _____
                          MISTY KNOLL

- 9 -

COMPLAINT